## A. O. CAMPBELL, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5631.   Promulgated March 22, 1927.

The debts involved herein were ascertained to be worthless and charged off within the taxable year 1920, and constitute proper deductions in computing the petitioner's net income for that year.

*Hubert L. Bolen, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1920 in the amount of $948.51.

### FINDINGS OF FACT.

The petitioner is an individual residing at Oklahoma City, Okla.

On September 22, 1914, the petitioner loaned to his brother, C. D. Campbell, $3,500, and received from the said C. D. Campbell his promissory note dated September 22, 1914, due in one year from date and bearing interest at the rate of 6 per cent.   On February 10, 1915, the petitioner made a further loan to C. D. Campbell in the amount of $3,000, and received from C. D. Campbell his promissory note dated February 10, 1915, due in one year from date and bearing interest at the rate of 6 per cent.   During the years 1913, 1914, and 1915, the petitioner made other loans to C. D. Campbell in the amount of $1,005.61.   These loans were carried as an open account with C. D. Campbell on the books of the petitioner.

In November, 1915, C. D. Campbell died at Omaha, Nebr.   At the date of his death he was indebted to the petitioner on account of the loans heretofore referred to, in the total amount of $7,505.61, exclusive of accrued interest.   After the death of C. D. Campbell, the petitioner retained an attorney to collect the amount due him from the estate of C. D. Campbell.   Within the time required by law, the petitioner's attorney filed a claim on behalf of the petitioner against the estate of C. D. Campbell for the amount of $7,505.61.   This claim was allowed in full by the court and the petitioner was awarded a junior judgment as one of the unsecured creditors.   During the years 1915 and 1916, part of the assets of the estate of C. D. Campbell were sold, and early in the year 1917 the assets remaining unsold consisted of two pieces of real estate, certain shares of stock and a small amount of cash, the total value of these assets being estimated at about $19,200.   At that time the total amount of the secured and unsecured claims against the estate which had been allowed and remained unpaid was about $23,000.   In the year 1917, the attorney representing the petitioner attempted

79705°—28——36

to secure a compromise settlement of the petitioner's claim against the estate of C. D. Campbell by having some of the properties owned by the estate transferred to the petitioner. This attempt was unsuccessful for the reason that all the property of the estate was held as security by secured creditors. The petitioner's attorney was, however, advised by the attorney for the estate that there was a possibility that within the next two years the indebtedness due a certain bank would be paid off and property belonging to the estate and held by the bank as security would be released, and that at that time an adjustment might be made of the petitioner's claim.

In the year 1918 the petitioner went to Lincoln, Nebr., in order to make a personal investigation of the status of his claim against the estate of C. D. Campbell. At that time he failed to secure any settlement but was advised by his attorney that there was a possibility of recovering a part of the amount due him at some future date. In the year 1920 the petitioner again went to Lincoln, Nebr., to make a further investigation of the status of his claim against the estate of C. D. Campbell. At that time he found that the principal remaining asset of the estate consisted of the York Opera House, at York, Nebr., which was a brick building about 27 years old, which was encumbered for more than the amount for which it could be sold.

From the information obtained through his personal investigation in 1920, and on the advice of his attorney, who resided at Lincoln, Nebr., and was familiar with the condition of the estate of C. D. Campbell, the petitioner determined that his claim against the estate was worthless, as the assets of the estate were not sufficient to pay any of the unsecured creditors. He thereupon, in the year 1920, caused the amounts due him from the estate of C. D. Campbell, to wit, $7,505.61, to be charged off on his books as a loss, and in his income-tax return for that year he deducted the amount as debts ascertained to be worthless and charged off within the taxable year. The respondent disallowed the deduction.

OPINION.

MARQUETTE: We are satisfied from the evidence in this proceeding that the debt due to the petitioner from his brother's estate was not ascertained to be worthless until the year 1920. It is true that the brother died prior to 1920 and that his estate was badly involved, yet it appears that both the attorney for the petitioner and the attorney for the estate considered that there was a possibility that at least a part of the petitioner's claim would be paid. That the petitioner did not consider his claim worthless prior to the year 1920 is evidenced by the fact that he employed an attorney to look after

it, and that in the years 1918 and 1920 he went to Lincoln, Nebr., to give it his personal attention, the estate still being in process of settlement. He did not determine that the debt was worthless until the year 1920, when it was definitely ascertained that the assets of the estate would not be sufficient to pay the preferred creditors. We think that the amount of the debt in question was a proper deduction in computing the petitioner's net income for the year 1920 and we so hold.

*Judgment will be entered on 15 days' notice, under Rule 50.*